P. Craig Silva, Wyoming Bar No. 6-3066
Asst. Federal Public Defender
104 South Wolcott Street, Suite 550
Casper, Wyoming 82601
Phone:    307-772-2781
Facsimile: 307-772-2788
Email:    craig_silva@fd.org

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LORENZO SANTILLAN-SOLIS,<br><br>Defendant. | Case No. 24-CR-68-SWS |

### UNOPPOSED MOTION FOR ENDS OF JUSTICE CONTINUANCE AND TO EXCLUDE TIME FROM SPEEDY TRIAL ACT TIME LIMITS

P. Craig Silva, Assistant Federal Public Defender, respectfully submits *Unopposed Motion to Continue Ends of Justice Continuance*. The grounds for the motion are as follows:

1. The trial in this matter is set for **August 12, 2024,** Cheyenne, Wyoming. The trial date is within the speedy trial clock.

2. The parties are exchanging discovery and plea negotiations are ongoing. Defense Counsel has met with the client and discussions have been had involving trial and possible disposition. There is no lack of due diligence.

3. The Indictment was filed May 16, 2024, but Mr. Santillan-Solis was not seen in the District of Wyoming until June 28, 2024, due to unknown delays from Arizona where he was arrested. Because of the quick timeline, the Government has had to ask for an extension for the expert deadline, which has been granted until July 15, 2024. Undoubtedly both the Government, and the Defendant will need to seek further extensions since trial is set so soon. Mr. Santillan-Solis is housed in Scottsbluff, Nebraska and his Counsel resides and offices out of Casper, Wyoming which adds to delays in communication with the client.

4. The speedy trial clock operates under 18 U.S.C. § 3161(c) which provides in relevant part:

> (c)(1) In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within **seventy days** from the filing date (and making public) **of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs**. If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

(Emphasis added). Mr. Santillan-Solis appeared before the judicial officer on **June 28, 2024**, and trial is set for **August 12, 2024**, all of which is within the seventy days of the speedy trial clock.

5. Within that framework continuances are allowed under 18 U.S.C. § 3161(h)(7)(A) which provides:

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

***

(7)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the **request of the defendant or his counsel** or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that **the ends of justice served by taking such action outweigh the best interest of the public** and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, **or result in a miscarriage of justice**.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, **or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.**

(Emphasis added). Mr. Santillan-Solis through counsel seeks a continuance under this section. Mr. Santillan-Solis does not object to the continuance.

6. The Speedy Trial Act is designed to protect criminal defendant's constitutional right to a speedy trial and serve the public interest in brining prompt criminal proceedings. *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009). It requires that a criminal trial commence within 70 days of filing of the indictment or information or the defendant's appearance, whichever occurs last. *Id*. The Court may exclude from the speedy trial calculation any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge grants such continuance on the basis of his finding that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial. *Id*. In its order, the Cout must set forth its reasons for the ends of justice continuance. *Id.*

7. There are two primary basis or grounds under the above section that Mr. Santillan-Solis and his counsel seek continuance under the speedy trial clock: first, 18 U.S.C. 3161(h)(7)(A)(B)(i) miscarriage of justice; or second 18 U.S.C.

3161(h)(7)(A)(B)(iv) would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and to negotiate resolution with the Government.

8.  Mr. Santillan-Solis is charged with 2 counts.  So as to prepare for trial and engage in meaningful negotiations with the Government, Mr. Santillan-Solis and counsel request an additional 75 days from the trial date to approximately the 2nd week of November 2024. This continuance is requested to allow for continued negotiations with the Government and or prepare for trial.

9.  This request is supported by the case law.  Continuances granted because of the need to pursue negotiations with the Government relative to resolution are allowable and excludable from the speed trial calculus. In *United States v. Fields,* 39 F.3d 439, 445 (3rd Cir. 1994), Mr. Fields argued that his speedy trial rights were violated when the court granted a continuance to engage in plea negotiations, and the court held that:

> The defendant seems to suggest that 18 U.S.C. § 3161(h)(8) cannot apply to continuances granted for this purpose, but we do not agree. Nothing in the language of 18 U.S.C. § 3161(h)(8) suggest that an ends of justice continuance cannot be granted for this purpose. Instead, statutory language refers broadly to any period of delay resulting from a continuance granted to serve the ends of justice. . . In current federal practice, plea negotiations play a vital role.  We therefore see no reason why an ends of justice continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.

*Id.* at p. 445. *See also, United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)(delay caused by plea bargaining excluded under 18 U.S.C. § 3161(h)(1)(D)). All of which are a legitimate basis to seek an ends of justice continuance, and excludable time under the speedy trial clock.

10. The Government does not object to the request.

**WHEREFORE,** Mr. Santillan-Solis and his counsel request a 75-day extension of the trial date placing the trial in November as articulated above.

**DATED** this 15th day of July 2024.

> Respectfully submitted,
>
> VIRGINIA L. GRADY
> Federal Public Defender
>
> */s/ P. Craig Silva*
> P. Craig Silva
> Assistant Federal Public Defender

### CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024 the foregoing was electronically filed and consequently served on counsel of record.

> */s/ P. Craig Silva*
> P. Craig Silva